IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **YHIVI G. W.**[1], | Case No. 3:24-cv-780-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, | |
| Defendant. | |

Yhivi G. W., Portland, OR. Plaintiff *pro se*.

Scott Bradford, Interim United States Attorney, and Kevin Danielson, Executive Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Heather Benderson, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Yhivi G. W. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying their[2] applications for

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

[2] Plaintiff's preferred pronouns are they/them.

PAGE 1 – OPINION AND ORDER

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Court affirms the decision of the Commissioner.

## STANDARD OF REVIEW

The decision of the administrative law judge ("ALJ") is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225-26.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed applications for DIB and SSI on August 16, 2021, alleging a disability onset date of July 20, 2021. AR 244-58. Plaintiff was born on March 16, 1991, and was 30 years old on the alleged onset date. AR 70. The agency denied Plaintiff's claim both initially and upon reconsideration, AR 122-23, 140, 149, and they requested a hearing, AR 236-43. Plaintiff, representing themselves, appeared for a telephonic hearing before an ALJ on July 25, 2023. AR 82-121. The ALJ then issued a decision denying Plaintiff's claim for benefits. AR 61-72. Plaintiff requested review of the ALJ's decision, which the Appeals Council denied. AR 1-5. Accordingly, the ALJ's decision is the final decision of the agency and Plaintiff, representing themselves, seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if the claimant is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

PAGE 3 – OPINION AND ORDER

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC").

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *See Tackett*, 180 F.3d at 1099; *Bustamante*, 262 F.3d at 954.

### C.  The ALJ's Decision

As an initial finding for Plaintiff's DIB claim, the ALJ determined that Plaintiff had sufficient coverage through September 30, 2025. AR 61-62. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 63. At step two, the ALJ found that Plaintiff suffered from the severe impairments of lumbar spondylosis with mild stenosis and bilateral neural foraminal narrowing at L4-L5 and L5-S1, as well as endplate disc complex abnormality. AR 64. At step three, the ALJ found that Plaintiff's impairments did not meet, medically equal, or functionally equal a listing. AR 65-66.

The ALJ then determined Plaintiff's RFC. The ALJ concluded that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations: "[they] can never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, crouch, kneel, and crawl. The claimant can do no driving of vehicular equipment." AR 66.

At step four, the ALJ concluded that Plaintiff is capable of performing their past relevant work as a retail clerk and a food service worker. AR 70. Alternatively, at step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that they could perform, including fast-food worker, merchandise marker, and storage facility clerk. AR 70-71. Thus, the ALJ concluded that Plaintiff was not disabled from July 20, 2021, through the date of the decision. AR 71-72.

## DISCUSSION

Plaintiff argues that the ALJ committed harmful error in his decision in three ways. First, Plaintiff assigns error to the ALJ's step two finding that their hypoglycemia was not a severe impairment. Second, Plaintiff argues that the ALJ erred in finding that Plaintiff did not have a documented medical need for an assistive device. Third, Plaintiff assigns error to the ALJ's finding that Plaintiff could perform their past relevant work as a retail clerk and food service worker. The Court addresses each argument in turn.

### A. The ALJ's Step Two Finding

#### 1. Standards

At step two, the ALJ determines whether the claimant has an impairment that is both medically determinable and severe. The claimant bears the burden of establishing that he or she has a severe impairment by providing medical evidence. 20 C.F.R. § 416.912. An impairment is

PAGE 5 – OPINION AND ORDER

severe if it "significantly limits" the claimant's ability to do basic work activities, 20 C.F.R. § 416.920(c), which are defined as "abilities and aptitudes necessary to do most jobs," Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *4 (Jan. 1, 1985). An impairment is medically determinable if it is diagnosed based on "objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921; *see also* SSR 96-4p, 1996 WL 374187, at *1 (July 2, 1996) (requiring "medical signs and laboratory findings" to establish a medically determinable impairment).

An impairment or combination of impairments is "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in *Webb*) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)). The ALJ is required to consider the combined effect of all the claimant's impairments on her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The step two inquiry is a "de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290.

**2. Analysis**

Plaintiff argues that the ALJ's decision at step two is not supported by substantial evidence because he failed to discuss a 2023 prescription for blood glucose testing equipment. However, an ALJ is not required to discuss every piece of evidence in the record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("The ALJ is not required to discuss evidence that is neither significant nor probative." (cleaned up)). For the following reasons, the evidence Plaintiff identifies is not significant or probative, and, therefore, the ALJ did not err in failing to affirmatively address it.

With respect to Plaintiff's hypoglycemia, the ALJ stated that "[i]n August 2021, there is mention of [Plaintiff] having hypoglycemia, but with no other record of that condition or

PAGE 6 – OPINION AND ORDER

treatment for that condition." AR 64 (citing AR 528-37). The ALJ then determined that Plaintiff's hypoglycemia was not severe. Plaintiff argues that they were prescribed a CONTOUR NEXT ONE meter, test strips, and lancets in May 2023 in order to monitor their blood glucose levels. But Plaintiff fails to show how this prescription is significant and probative evidence that the ALJ should have discussed, nor does Plaintiff explain how hypoglycemia interferes with their daily life, particularly in the area of their ability to work. In fact, the record contains only one explanation of how Plaintiff's hypoglycemia affects her. *See* AR 613-14 ("Dizziness (vertigo, light-headedness) . . . . Momentary lightheadedness. Sitting down and drinking water or eating resolves the dizziness. May be a 'medication side effect.' Patient reveals that it only happens once in a while . . . .").

It is Plaintiff's burden at step two to prove that an impairment is severe, *i.e.*, that it significantly interferes with their ability to perform basic work activities. *See* 20 C.F.R. § 416.920(c); *Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987). Here, Plaintiff failed to provide any medical signs or laboratory findings to substantiate the existence of hypoglycemia during the relevant period, let alone that it affected their ability to work. Because Plaintiff failed to meet their step two burden, the ALJ reasonably found that hypoglycemia was not a severe impairment. AR 64.

Additionally, the ALJ ultimately decided step two in Plaintiff's favor, therefore rendering any error harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). As a result, Plaintiff "could not possibly have been prejudiced" by the ALJ's assessment of their history of hypoglycemia at step two. *Id.* "Any alleged error," which Defendant does not concede, "is therefore harmless and cannot be the basis for a remand." *Id.* Therefore, the ALJ did not err in his evaluation of Plaintiff's hypoglycemia at step two.

B.  **Subjective Symptom Testimony**

1.  **Standards**

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25, 2017). There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

## 2. Analysis

The ALJ discounted Plaintiff's symptom testimony, making the boilerplate statement that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 68. The ALJ specifically stated that the objective medical evidence did not support Plaintiff's claimed limitations, that they have experienced "life changing" treatment with an improvement of symptoms, and that they performed many activities of daily living independently. AR 68-69. Plaintiff testified that their back pain is "constant" and that they use a cane or wheelchair, both of which have not been prescribed. AR 97, 108. Plaintiff assigns one error to the ALJ's evaluation of their symptom testimony. Plaintiff takes issue with the ALJ's statement that "there is no mention of a documented medical need for an assistive device," AR 65, and attempts to show evidence to the contrary. The Court construes this argument to mean that the ALJ erred in failing to account for Plaintiff's use of assistive devices when formulating the RFC.

### a. Standards

The RFC is the maximum a claimant can do in the workplace despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a); *see also* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."). The ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). An ALJ's RFC assessment is "based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Robbins*, 466 F.3d at 883 ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia,

medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributable to a medically determinable impairment." (quotation marks omitted)).

An RFC must include a limitation about the need for a hand-held assistive device, such as a cane or walker, only if the device is medically required. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (explaining that "[w]ithout objective medical evidence that [the claimant] needed a cane or wheelchair," the ALJ did not have to include that limitation in the hypothetical based on the RFC); *Beatrice D. A. v. Kijakazi*, 2023 WL 3007921, at *3 (C.D. Cal. Apr. 19, 2023) ("The use of a hand-held device such as a cane is a functional limitation only if it is medically required."). "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

    b. Analysis

Before formulating the RFC, the ALJ addressed Plaintiff's claims about their use of assistive devices. The ALJ explained that though Plaintiff mentions back pain, they have "typically normal strength and sensation" and that there is no mention of a documented medical need for an assistive device. AR 65. The ALJ acknowledged Plaintiff's testimony at the administrative hearing that they "ha[ve] used a cane since May 2020, on [their] own" and "started using a wheelchair in July 2022, again on [their] own." AR 65 (citing AR 97). Furthermore, the ALJ discussed that there is "some mention at the chiropractic sessions of [Plaintiff] using a cane or wheelchair" but that the "record supports that [they] did not have a prescription for the cane or for the wheelchair." AR 65-66.

Plaintiff does not demonstrate otherwise, but only disagrees with the ALJ's statement that "there is no mention of a documented medical need for an assistive device." AR 65. In their brief, Plaintiff cites two alleged notes in the record: "Cane, walking stick, hiking poles, walker, or wheelchair as needed temporarily for ambulation[;]" and "discussed continuing to use cane as that supports lower back, PT to help with support using cane." Upon examination of the record, however, the treatment notes Plaintiff cited are not in the record. Even if they were contained in the record, the evidence presented does not satisfy Plaintiff's burden of showing an assistive device was medically required for three reasons.

First, to the extent that Plaintiff relies on their own testimony about their use of a wheelchair and cane, their testimony alone is insufficient to show such devices were medically required. *See Dean N. v. Saul*, 2020 WL 430962, at *2 (C.D. Cal. Jan. 28, 2020) ("A claimant's own testimony does not constitute required medical documentation establishing the need for an assistive device." (gathering cases)).

Second, to the extent Plaintiff relies on their provider's observations of them using assistive devices, this also is not enough to show medical necessity. *See Schluter v. Berryhill*, 2020 WL 1557773, at *5 (D. Ariz. Mar. 10, 2020) (concluding that the plaintiff's testimony coupled with physician's observation of plaintiff's use of a cane was insufficient to show that the cane was medically necessary). Many of Plaintiff's treatment notes also show that on examination, Plaintiff generally presented with a normal gait without an assistive device and that they could perform repetitive activity without any significant, reproducible muscle weakness. *See* AR 574-75, 143, 129, 415, 425, 444, 482, 491. Though they were sometimes observed using a cane or wheelchair in the record, no provider indicated or described a *need* for such devices and instead continuously prescribed medication and encouraged Plaintiff to attend

physical therapy, which they admittedly did not do. AR 600, 604, 94, 109; *see also Cashin v. Astrue*, 2010 WL 749884, at *11 (C.D. Cal. Feb. 24, 2010) (finding physician's observation of claimant's use of cane during examination was not "an objective finding that plaintiff's cane was medically required"); *Flores v. Colvin*, 2016 WL 2743228, at *14 (E.D. Cal. May 11, 2016) (finding "no medical documentation establishing the need for an assistive device" where all mentions of claimant's cane were "traceable to Plaintiff's self-reports and to his medical sources' observations that he presented with an assistive device").

Finally, Plaintiff does not identify evidence indicating that either their cane or wheelchair was prescribed or that a medical provider opined that either was needed to walk or stand and described the circumstances for which they are needed. The notes Plaintiff cited in their brief state only that they *temporarily* needed assistive devices and that using a cane *can* support her lower back, but they did not indicate duration, distance, terrain, or any other relevant information. This evidence does not satisfy SSR 96-9p. *See Mark J. v. Dudek*, 2025 WL 818773, at *4 (S.D. Cal. Mar. 14, 2025) (concluding that records observing the claimant's use of a cane do not "indicate that the cane is medically necessary or describe the circumstances when it must be used"); *Wesley H. v. Comm'r Soc. Sec. Admin.*, 2024 WL 2131749, at *5 (D. Or. May 13, 2024) (rejecting that the record contained sufficient evidence of medically-required cane usage because it did not describe the circumstances of usage where it lacked evidence of the required "duration, distance, terrain, or any other relevant information"); *Juan R. v. Kijakazi*, 2023 WL 12028088, at *5 (C.D. Cal. Mar. 15, 2023) ("In any event, the treatment note at issue is not sufficient because it did not describe the circumstances for which a cane was needed." (quotation marks omitted)). Because the evidence in the record fails to demonstrate the cane or wheelchair

was medically necessary, the ALJ was not required to account for Plaintiff's use of assistive devices in their RFC determination.

## C. Plaintiff's Past Relevant Work

At step four in the evaluation process, the ALJ must determine whether a claimant's impairments prevent the claimant from doing past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). If the ALJ finds that the claimant has not shown an incapability of performing past relevant work, the claimant is not disabled for social security purposes. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). Plaintiff bears the burden to establish the inability to perform past work. *See Bowen*, 482 U.S. at 146 n.5; *see also Tackett*, 180 F.3d at 1098 . The evaluation process can end at step four after a finding against the claimant, or the ALJ can make an alternative finding at step five. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (evaluating an alternative finding at step five after concluding the ALJ's step four finding was erroneous).

When an ALJ makes an alternative finding at step five, then any error at step four is harmless. *See id.* ("Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding at step five."). Plaintiff does not challenge the ALJ's step five determination. Even if the Court liberally construes Plaintiff's pro se briefing as applying their step four challenge to the step five jobs, their argument fails.

Plaintiff argues that their past jobs exceed their capacity to work due to their standing requirements. Assuming this argument is correct and applies to their step five jobs, the vocational expert ("VE") identified the job of storage facility clerk (DOT 295.367-026), which is sedentary and exists in significant numbers—68,000 jobs nationally. AR 71. This number meets the Ninth Circuit's threshold for a "significant" number of jobs in the national economy. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (25,000 national jobs

deemed "significant"). Accordingly, substantial evidence supports the ALJ's step-five finding that Plaintiff is capable of performing work that exists in significant numbers in the national economy. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 (9th Cir. 1995) (holding that the ALJ may rely on a VE's testimony to determine whether a claimant can perform jobs that exist in significant numbers in the national economy).

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
